OPINION
{¶ 1} Defendant, Lisa Paul, appeals from her conviction and sentence for arson.
 {¶ 2} Defendant was indicted on one count of arson in violation of R.C. 2909.03(A)(1), a felony of the fourth degree. Pursuant to a plea agreement, Defendant entered a guilty plea to the arson charge in accordance with the rule of North Carolina v. Alford (1970),400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162. In exchange, the State agreed to join Defendant in recommending community control sanctions, including fifteen days in the county jail, and the State agreed to not pursue any additional charges relating to the arson incident. Despite the parties' joint sentencing recommendation, the trial court sentenced Defendant to eight months in prison.
 {¶ 3} Defendant timely appealed to this court from her conviction and sentence.
FIRST ASSIGNMENT OF ERROR
 {¶ 4} "DEFENSE COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY EITHER FAILING TO UNDERSTAND THE DIFFERENCE BETWEEN AN AGREEMENT FOR A JOINT SENTENCE RECOMMENDATION AND A BINDING AGREEMENT FOR A SPECIFIC SENTENCE, OR FAILING TO ADEQUATELY EXPLAIN THE DIFFERENCE TO THE DEFENDANT-APPELLANT BEFORE SHE ENTERED A PLEA OF GUILTY UNDER NORTHCAROLINA V. ALFORD IN RELIANCE UPON A SENTENCE TO COMMUNITY SERVICE TO INCLUDE FIFTEEN DAYS IN JAIL, AND DEFENSE COUNSEL'S FAILURE TO UNDERSTAND OR FAILURE TO ADEQUATELY EXPLAIN THE DIFFERENCE BETWEEN AN AGREEMENT FOR A JOINT SENTENCE RECOMMENDATION AND A BINDING AGREEMENT FOR A SPECIFIC SENTENCE PREJUDICED THE DEFENDANT IN THAT THE DEFENDANT-APPELLANT WOULD NOT HAVE PLEAD GUILTY TO AN OFFENSE SHE DID NOT COMMIT JUST TO `GET IT OVER WITH AND MOVE ON' IF SHE KNEW AND/OR UNDERSTOOD THAT EIGHT MONTHS, RATHER THAN FIFTEEN DAYS, WAS THE POSSIBLE INCARCERATION TIME REQUIRED TO `GET IT OVER WITH.'"
 {¶ 5} Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must demonstrate that were it not for counsel's errors, the result of the trial would have been different. Id., State v. Bradley (1989),42 Ohio St.3d 136.
 {¶ 6} Defendant argues that her trial counsel performed deficiently because he failed to adequately explain to her that the plea agreement called for a jointly recommended sentence by the parties, with no guarantee that the recommended sentence would be adopted and imposed by the trial court, as opposed to a binding agreement for a specific sentence that the trial court would impose. In that regard, Defendant now claims that she entered her Alford plea to arson expecting to receive community control sanctions that included fifteen days in jail, not eight months in prison, and that she was not aware that there was no guarantee concerning her sentence. In other words, Defendant contends that she was not advised and did not understand what she had bargained for in this case. This record belies that contention.
 {¶ 7} The record in this case abundantly demonstrates that Defendant and her counsel both understood the terms of the plea agreement and what it was that Defendant was due in exchange for her plea. The written plea agreement that Defendant and her counsel both signed indicated that the maximum prison term that could be imposed for this fourth degree felony was eighteen months. The terms of the parties' plea agreement was explicitly stated as follows: "The parties will jointly recommend community control sanctions rather than prison, including fifteen days in jail. The State will not file possible additional charges related to this case." Immediately thereafter, in all capital letters, the plea form stated:
 {¶ 8} "I ACKNOWLEDGE THAT ANY RECOMMENDATIONS BY THE ATTORNEYS IN THIS MATTER ARE NOT BINDING UPON THE COURT AND THAT THE JUDGE HAS FULL DISCRETION TO PRONOUNCE SUCH SENTENCE AS THE JUDGE MAY DETERMINE TO BE APPROPRIATE."
 {¶ 9} Additionally, during the plea hearing the trial court informed Defendant that the maximum penalty was up to eighteen months in prison, and that the court was not bound by the parties' recommendation. Defendant said that she understood that.
 {¶ 10} Clearly, Defendant was made aware that she faced up to eighteen months in prison for this arson offense, and that the trial court was not required to accept the parties' recommendation of community control. Although defense counsel was able to persuade the State to join him in recommending community control, he could not guarantee that outcome, and there is no basis in this record for any reasonable belief that community control was guaranteed.
 {¶ 11} The trial court concluded after reviewing the seriousness and recidivism factors in R.C. 2929.12 that a prison term, rather than community control, was appropriate because Defendant's offense was made more serious by the relationship between Defendant and the victim, her husband, and the fact that serious economic harm resulted. Additionally, given Defendant's prior criminal history, her continuing substance abuse problems, and the fact that Defendant has not responded favorably to previous sanctions, recidivism is likely. Also, the court found that community control sanctions would demean the seriousness of this offense.
 {¶ 12} The fact that Defendant and her counsel were surprised and disappointed by the court's imposition of a term of imprisonment rather than community control that both parties jointly recommended does not support a conclusion that defense counsel performed deficiently in explaining to Defendant the non-binding nature of the provision in the parties' plea agreement jointly recommending community control as the sentence. No deficient performance by defense counsel is demonstrated on this record.
 {¶ 13} The first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 14} "THE TRIAL COURT'S IMPOSITION OF A PRISON TERM INSTEAD OF THE PREFERRED SENTENCE OF COMMUNITY CONTROL FOR A FOURTH DEGREE FELONY IS CONTRARY TO LAW BECAUSE THE SENTENCE WAS IMPOSED BASED ON JUDICIAL FACT FINDING IN VIOLATION OF THE APPELLANT'S SIXTH AMENDMENT RIGHTS."
 {¶ 15} Defendant argues that State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, required the court to impose the community control sanction that was jointly recommended. Foster held that rejection of an available community control sanction in favor of a prison sentence on findings the court makes pursuant to R.C. 2929.13(B)(2)(b) does not violate a defendant's Sixth Amendment rights. Id., ¶ 70. Neither doesFoster require the court to impose any sentence because it is jointly recommended. Nevertheless, a defendant is deprived of his Sixth Amendment rights if the court imposes a greater-than-minimum sentence on findings prescribed by R.C. 2929.14(B). Id., ¶ 61.
 {¶ 16} Arson, R.C. 2909.03(A)(1), is a fourth degree felony. R.C.2909.03(B)(3). The minimum term of imprisonment for a fourth degree felony is six months. R.C. 2929.14(A)(4). Paragraph (B) of R.C. 2929.14
states that "the court shall impose the shortest prison term pursuant to division (A) of this section" unless it makes certain findings.
 {¶ 17} Prior to Foster, the court was not authorized to exceed the shortest prison term unless it made the prescribed findings. State v.Edmonson, 86 Ohio St.3d 324, 1999-Ohio-110. By severing the unconstitutional elements of Ohio's sentencing scheme as it did,Foster relieved trial courts of the obligation to make the findings a longer sentence requires. Foster, ¶ 99.
 {¶ 18} In the present case, the court made none of the findings required by R.C. 2929.14(B) in order to impose a sentence greater than six months. Because Foster had not then been decided, the court erred when it imposed the greater eight-month sentence absent the required findings. Edmonson. The subsequent judicial remedy in Foster permitting court to impose a greater sentence absent findings applies only to sentences imposed post-Foster, after the severance remedy became effective. Therefore, Foster's holding did not relieve the error the court committed when it imposed a greater-than-minimum sentence absent the required statutory findings.
 {¶ 19} Defendant was sentenced to serve an eight-month term of imprisonment on January 20, 2006. (Dkt. 22). A warrant to convey her to the custody of the Department of Rehabilitation and Corrections (Dkt. 24) was filed on that same date. The record does not indicate that execution of Defendant's sentence was stayed. Therefore, we must presume that, as of the date of our judgment, Defendant has completed serving the eight-month sentence the court imposed. For that reason, there is no relief from the error she assigns that we can offer Defendant, and the error in imposing her sentence absent the findings which were then required is therefore moot.
 {¶ 20} Defendant's second assignment of error is overruled. The judgment of the trial court will be affirmed.
WOLFF, P.J. And FAIN, J., concur.